IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADRIENNE DORMAN, | § | |
| | § | No. 29, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1603014059 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 6, 2017
Decided: June 15, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 15th day of June 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In May 2016, a New Castle County grand jury indicted the appellant, Adrienne Dorman, for two counts of Aggravated Menacing, four counts of Endangering the Welfare of a Child, and one count each of Possession of a Firearm During the Commission of a Felony, Possession of a Deadly Weapon During the Commission of a Felony, Carrying a Concealed Deadly Weapon, Offensive Touching, and Criminal Mischief. On January 4, 2017, Dorman pled guilty to one count each of Aggravated Menacing, Possession of a Deadly Weapon During the

Commission of a Felony, and Endangering the Welfare of a Child. The State agreed to dismiss the remaining charges, dismiss a pending Court of Common Pleas case against Dorman, and the discharge of another Court of Common Pleas case as unimproved.

(2) The Superior Court sentenced Dorman as follows: (i) for Possession of a Deadly Weapon During the Commission of a Felony, twenty-five years of Level V incarceration, with credit for three days previously served, suspended after two years; (ii) for Aggravated Menacing, five years of Level V incarceration, suspended for two years of Level III supervision; and (iii) for Endangering the Welfare of a Child, one year of Level V incarceration, suspended for one year of Level III supervision. This is Dorman's direct appeal.

(3) On appeal, Dorman's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Dorman of the provisions of Rule 26(c) and provided Dorman with a copy of the motion to withdraw and the accompanying brief.

(4) Counsel also informed Dorman of her right to identify any points she wished this Court to consider on appeal. Dorman has not raised any issues for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6) This Court has reviewed the record carefully and has concluded that Dorman's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Dorman could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).